IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELLA M. THOMPSON-EL,
   Plaintiff,

    v.

BANK OF AMERICA, N.A., et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-840-TWT

## ORDER

This is an action for wrongful foreclosure. It is before the Court on Defendants William Braswell and Century 21 Bryant Realty's Motion to Dismiss [Doc. 4], Defendant Fowler, Hein, Cheatwood & Williams, P.A.'s Motion to Dismiss [Doc. 5], Defendant McCalla Raymer, LLC's Motion to Dismiss [Doc. 7], the Plaintiff's Motion to Dismiss Defendant Fowler, Hein, Cheatwood, & Williams, P.A. [Doc. 18], and Defendants BAC Home Loans Servicing, LP, Bank of America, N.A., and Federal National Mortgage Association's Motion to Dismiss [Doc. 24]. For the reasons set forth below, the Court concludes it does not have subject matter jurisdiction. Accordingly, Defendants William Braswell, Century 21 Bryant Realty, Fowler, Hein, Cheatwood & Williams, P.A., McCalla Raymer, LLC, BAC Home Loans Servicing, LP, Bank of America, N.A., and Federal National Mortgage Association are

DISMISSED without prejudice. Defendants William Braswell and Century 21 Bryant Realty's Motion to Dismiss [Doc. 4], Defendant Fowler, Hein, Cheatwood & Williams, P.A.'s Motion to Dismiss [Doc. 5], Defendant McCalla Raymer, LLC's Motion to Dismiss [Doc. 7], and Defendants BAC Home Loans Servicing, LP, Bank of America, N.A., and Federal National Mortgage Association's Motion to Dismiss [Doc. 24] are DENIED as MOOT.

## I. Background

Plaintiff, Ella M. Thompson-El, purchased property located at 4454 Pamela Lane, SW, Atlanta, Georgia 30331 (the "Property"), on December 1, 2000. (Compl. ¶ 11). The Plaintiff executed a promissory note and security deed with Defendant Bank of America. (Compl. ¶ 12). The Plaintiff timely made her mortgage payments until experiencing hardship in 2009. (Compl. ¶ 13).

The Plaintiff notified Bank of America of her hardship and requested a loan modification. In response, Bank of America offered a modification requiring substantially larger payments than the Plaintiff was currently required to make, along with a new down payment of $10,000. (Compl. ¶¶ 14-15). The Plaintiff determined this rate was impermissible under the law and notified Bank of America. (Compl. ¶ 16).

Apparently without further communication, on October 5, 2010, Bank of America foreclosed on the Property. (Compl. ¶ 17). The Plaintiff contends she was not given proper notice of the foreclosure and that she first learned of the foreclosure three days later when Defendant Braswell left a message on the Property's door. (Compl. ¶¶ 17-18). Upon learning of the foreclosure, the Plaintiff contacted BAC Home Loans Servicing, LP, and was told her loan modification was still under review and that BAC was unaware of any foreclosure. What followed was a series of state court proceedings and confusion concerning the foreclosure and modification processes, the details of which do not need to be recited in this Order.

The Plaintiff filed the instant suit on March 12, 2012, alleging causes of action for Wrongful Foreclosure in violation of O.C.G.A. § 44-14-162.2(a), for the Breach of the Implied Covenant of Good Faith and Fair Dealing, for Breach of the Emergency Economic Stabilization Act, and for Intentional Infliction of Emotional Distress.

The Plaintiff's complaint alleged diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 1). However, the Plaintiff's complaint also seemed to allege that four of the Defendants, McCalla Raymer, LLC, Fowler, Hein, Cheatwood & Williams, P.A., Century 21 Bryant Realty, and William Braswell were citizens of Georgia, where the Plaintiff is also a citizen. (See Compl. ¶¶ 3-10). Defendant McCalla Raymer argued in its motion to dismiss that the Plaintiff had not properly pled diversity jurisdiction.

(See Def. McCalla Raymer's Br. in Supp. of Def. McCalla Raymer's Mot. to Dismiss, at 7-9). In response, the Plaintiff conceded that diversity jurisdiction was improper and argued that the Court should exercise federal question jurisdiction pursuant to 28 U.S.C. § 1332. (See Pl.'s Br. in Opp. to Def. McCalla Raymer's Mot. to Dismiss, at 6).

II. Discussion

The Court is obligated to inquire into its own jurisdiction. Federal district courts have original jurisdiction over, among other cases, "federal question" cases. Federal question cases are those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law "if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (citing Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).

Here, the Plaintiff only alleges a single cause of action capable of invoking federal question jurisdiction: the alleged breach of the Emergency Economic Stabilization Act of 2008 (the "EESA"). (Compl. ¶¶ 62-68). However, the EESA does not provide a private cause of action. See Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 1115-17 (11th Cir. 2012) (reviewing the EESA and the regulations

promulgated under it and concluding that the act provides neither an express nor an implied private right of action).

A plaintiff cannot establish federal question jurisdiction through a statute that does not provide a private cause of action. See Jairath v. Dyer, 154 F.3d 1280, 1283-84 (11th Cir. 1998) (quoting Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 814 (1986)); Zoher v. NHC Healthcare Sys., No. 2:11-cv-00086, 2011 U.S. Dist. LEXIS 131063, at *5-6 (M.D. Fla. Nov. 14, 2011) ("Since there is no private cause of action [under the federal statute], there is no claim that 'arises under' federal law within the meaning of 28 U.S.C. § 1331."). Accordingly, because the EESA does not provide a private cause of action, the Plaintiff has not established federal question jurisdiction. The Court therefore concludes it does not have jurisdiction over this matter.

### III. Conclusion

For the reasons set forth above, the Court does not have subject matter jurisdiction over this action. Accordingly, Defendants William Braswell, Century 21 Bryant Realty, Fowler, Hein, Cheatwood & Williams, P.A., McCalla Raymer, LLC, BAC Home Loans Servicing, LP, Bank of America, N.A., and Federal National Mortgage Association are DISMISSED without prejudice. Defendants William Braswell and Century 21 Bryant Realty's Motion to Dismiss [Doc. 4], Defendant

Fowler, Hein, Cheatwood & Williams, P.A.'s Motion to Dismiss [Doc. 5], Defendant McCalla Raymer, LLC's Motion to Dismiss [Doc. 7], the Plaintiff's Motion to Dismiss Defendant Fowler, Hein, Cheatwood, & Williams, P.A. [Doc. 18], and Defendants BAC Home Loans Servicing, LP, Bank of America, N.A., and Federal National Mortgage Association's Motion to Dismiss [Doc. 24] are DENIED as MOOT.

SO ORDERED, this 12 day of December, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge